UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

TIMOTHY COLE McNEAL                                               PLAINTIFF

v.                                            CIVIL ACTION NO. 5:22-CV-P102-JHM

TIM KATENBACH et al.                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

    *Pro se* prisoner Plaintiff Timothy Cole McNeal brought this 42 U.S.C. § 1983 lawsuit. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss some of Plaintiff's claims and will allow Plaintiff to file a superseding amended Complaint.

**I. STATEMENT OF CLAIMS**

    Plaintiff was housed at the Calloway County Jail at the time he filed his complaint. He has since been transferred to the McCracken County Jail. He sues state-court Judge Tim Katenbach,[1] McCracken County, McCracken County Sheriff Mathew Carter, McCracken County prosecutor James Mills, and Officers Jessie Riddle, Mathew Wentworth, and Zack Dunigan of the McCracken County Sheriff's Department. All Defendants are sued in their individual and official capacities.

    Plaintiff alleges that on August 8, 2019, the U.S. Marshal's Service and the McCracken County Sheriff's Department entered his house and performed a warrantless search "till they found probable cause to get a bogus search warrant." He alleges that during this time "they" held his then-wife "hostage for hours," not letting her use the restroom. He also alleges that

---

[1] The Court takes judicial notice that Plaintiff appears to be referring to Judge Tim Kaltenbach of the McCracken County Circuit Court and will henceforth use that spelling except when quoting Plaintiff.

"they" frequently used racial slurs to address both Plaintiff and his then-wife.  Plaintiff further alleges that Defendants Wentworth and Riddle falsely claimed to be U.S. Marshals in court.  He also alleges that when he attempted to subpoena "the ones that ar[r]ested me," he was forced "to take 3 year deal for a gun that wasn't mine."  Plaintiff explains that he served time in prison for that offense, stating,"[T]hey give me the time I get time served[.]"

According to Plaintiff, he filed this suit because, when he was released from jail, the "harassment" started again, stating that "they set out to get revenge."  Plaintiff also states that Defendants Riddle and Wentworth said to him at that time, "you better watch your back n*****.  Justice is coming for you."

The complaint states that Plaintiff is both a convicted inmate and a pretrial detainee.  The Court interprets this to mean that Plaintiff was a convicted inmate during the time he served his sentence related to the 2019 search and is a pretrial detainee on charges of Fentanyl possession arising from a November 2021 search, as set forth in the complaint:

> "On record" charges has been trumped up on me  I've been charged with Fentanyl without a field test.  In Western Ky the racial profiling is common.  I have the officers reports that he admits to doing it and violating my rights. . . . Even after I warned Judge Katenbach of his Judicial Code of Ethics, he continued to be unethical "on record."  I feel like Paducah is a Good Ole Boys Club that I'm not in.  They take off body cam[era] when pulling over blacks.

(Cleaned up.)

Plaintiff alleges that "they have used excessive force many times.  Racial profiling."  He states that Defendant Dunigan "reported verifying the racial profiling and video for 11-5-21 stop that shows excessive force."  According to the complaint, he was tazed during that stop; then while Plaintiff was being searched he was fondl[ed]" and inappropriate comments were made about his genitalia.  Plaintiff adds:

2

> Accessing courtnet to determine if I might or might not have drugs or a weapon is just like stop and frisk and unlawful. No body cam[era]. He asked me to get out the car for his safety. I say would youll [sic] killing us. He says "only time white people feel safe is when n*****s are scared."

Plaintiff requests damages, as well as injunctive relief against Defendants of "not allowed to work in such profession again." (Cleaned up).

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a court must liberally construe *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

### A. Claims related to 2019 search

Plaintiff makes a number of allegations involving the search of his home in 2019 which resulted in his arrest, guilty plea, and sentence.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim

3

accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" (the "standard" rule) or "when the plaintiff discovered (or should have discovered) the cause of action [the "discovery" rule]." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019)).[2] In *Dibrell*, the Sixth Circuit declined to decide which rule to apply to the plaintiff's Fourth Amendment claims because the claims "would be timely either way." *Id*. at 1162.

The Court finds that the same is true of Plaintiff's Fourth Amendment claim based upon an allegedly unlawful search. Plaintiff had a complete cause of action, and his claim was "'discovered (or should have been discovered)'" on the date of the search. *Lamb v. Carver*, No. 1:19-cv-108, 2021 WL 1816459, at *1 (S.D. Ohio May 6, 2021) (quoting *Dibrell*, 984 F.3d at 1162; *see also Knowlton v. Godair*, No. 5:22-CV-148-BJB, 2023 WL 3166176, at *2 (W.D. Ky. Apr. 28, 2023) (holding that claims arising out of a search and seizure accrued on the date of the search). Here, the search occurred almost three years before Plaintiff filed his Complaint on August 3, 2022, the date that he certified that he delivered it to prison officials for mailing. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding prisoner's "complaint should be deemed timely filed as of the date it was submitted to prison authorities for forwarding to the court clerk pursuant to the mailbox rule").

The Court also finds that it is likely that Plaintiff's other claims arising from that search, such as that Defendants Wentworth and Riddle lied in court and that he was forced to take a three-year plea deal, are time-barred as well. In any event, his claims related to courtroom appearances or plea deals are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the

---

[2] Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

4

Supreme Court concluded that a § 1983 claim which "necessarily implies the invalidity" of an underlying criminal judgment is not cognizable until the criminal judgment has been reversed, set aside, expunged, invalidated, or called into question on federal habeas review. *Id.* at 486-87. Plaintiff states that he pleaded guilty on a gun charge after the 2019 search, served time, and was release, and nothing in the complaint indicates that that criminal judgment was subsequently reversed, set aside, expunged, invalidated, or called into question on federal habeas review. The Court therefore will dismiss Plaintiff's claims about and arising from the 2019 search as time-barred and/or as barred by *Heck*.

### B. Claim against Judge Kaltenbach

Plaintiff alleges, "Even after I warned Judge Katenbach of his Judicial Code of Ethics" he continued to be unethical "on record." The Court understands Plaintiff to allege that actions taken by Judge Kaltenbach related to and during Plaintiff's criminal case were unethical.

Judges are entitled to judicial immunity arising out of the performance of their judicial functions, even when a judge is accused of acting in bad faith, maliciously, or corruptly. *Mireles v. Waco*, 502 U.S. 9, 9, 11 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity from suit can be overcome in two situations: liability for non-judicial actions, *i.e.*, "actions not taken in the judge's judicial capacity," and "actions, though judicial in nature, which are taken in the complete absence of all jurisdiction." *Id*. at 11-12. Neither applies here, and Plaintiff does not contend otherwise. Accordingly, the Court will dismiss this claim.

### C. Claim against Defendant Mills

Defendant Mills is not mentioned in the body of the complaint. In "§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

5

Where, as here, an individual is named as a defendant in a civil rights action without supporting allegations of specific conduct against him in the body of the complaint, the claim against that individual is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.").

Under Federal Rule of Civil Procedure 15(a), "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Allowing Plaintiff to amend in this instance, however, would be futile because Defendant Mills, the McCracken County prosecutor, is absolutely immune for his actions in carrying out his role in the judicial process, including plea deals. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73, (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Rouse v. Stacy*, 478 F. App'x 945, 951 (6th Cir. 2012) ("[I]t is beyond question that a prosecutor's plea bargaining activities, regardless of motive, warrant absolute immunity."). Thus, no reason exists to allow Plaintiff to amend his claim against Defendant Mills, and the Court will dismiss this claim.

### D. Injunctive relief

Plaintiff requests injunctive relief prohibiting Defendants from continuing to work in their professions.

Plaintiff's request for injunctive relief fails. "'[A] real and immediate threat that' [harm] will occur in the future . . . is required for injunctive relief." *Kanuszewski v. Mich. Dep't of Health & Human Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983)). Here, Plaintiff has not demonstrated that preventing Defendants from continuing to work in their professions could remedy an ongoing, as opposed to a past, harm.

### E. Claims related to November 2021 stop

In considering Plaintiff's non-time-barred claims *i.e.*, those claims occurring no more than one-year before Plaintiff filed his Complaint on August 3, 2022, against the remaining Defendants -- Riddle, Carter, Wentworth, Dunigan, and McCracken County, the Court is hampered by Plaintiff's use of "they, "the officer," and "he" throughout the complaint. *Ashcroft v. Iqbal*, 556 U.S. at 76 ("§ 1983 . . . plaintiff[s] must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff must identify which Defendant(s) committed each alleged constitutional violation, and the Court will provide him an opportunity to do so before reviewing these claims. *LaFountain v. Harry*, 716 F.3d at 951.

### IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims arising from events predating August 3, 2021, and his request for injunctive relief are **DISMISSED** under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and as barred by the *Heck* doctrine; and (2) his claims against Defendants Kaltenbach and Mills are **DISMISSED** under 28 U.S.C. § 1915A(b)(2) for seeking relief from Defendants immune from such relief.

The Court **DIRECTS** the Clerk of Court to **terminate** Defendants Kaltenbach and Mills as parties to this action.

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint to set forth his claims arising from the November 21, 2021, search with specificity as to what each Defendant did that allegedly violated Plaintiff's constitutional rights. The amended complaint, should Plaintiff file one, will supersede, *i.e.*, replace, the Complaint, and it will undergo § 1915A review.

The Court **FURTHER DIRECTS** the Clerk to place this case number and "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to file an amended complaint.

**Should Plaintiff fail to file an amended complaint within 30 days, this case will be dismissed for the reasons stated herein**.

Date: May 12, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     McCracken County Attorney
4419.009